UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------- X
KEVIN DAVY,

               Petitioner,

        - against -

COMMISSIONER OF MENTAL HEALTH,

               Respondent.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

19-cv-2074 (BMC)

**COGAN**, District Judge.

Petitioner *pro se* seeks relief pursuant to 28 U.S.C. § 2254(d),[1] contending that an order of re-commitment following a judgment of not responsible by reason of insanity was invalid because petitioner is innocent of the crimes for which he has been recently arrested but not yet tried. The petition is dismissed without prejudice as unexhausted and subject to abstention under Younger v. Harris, 401 U.S. 37 (1971).

## BACKGROUND

Following his indictment for the attempted murder of a police officer in 2005, petitioner pled not guilty by reason of insanity. On February 28, 2008, the Queens County Supreme Court sustained his plea and entered judgment accordingly, which ordered him committed to the custody of the Commissioner of Mental Health under N.Y. Criminal Procedure Law § 330.20.

---

[1] Petitioner filed his petition under 28 U.S.C. § 2241, which is appropriate "[f]or a prisoner in state custody, in the absence of a state court judgment… ." Keish v. New York, 17-CV-7567, 2018 WL 2943567, at *2 (E.D.N.Y. June 12, 2018). Since petitioner is in custody pursuant to a state court judgment, the Court construes his petition as arising under 28 U.S.C. § 2254. See Cook v. N.Y. State Div. of Parole, 321 F.3d 274, 279 (2d Cir. 2003).

On August 2, 2018, the Queens County Supreme Court ordered petitioner to be released from confinement with out-patient conditions, including a treatment plan lasting five years. The Court's Order further provided that if petitioner violated the conditions of his release, the Commissioner could apply for a temporary confinement order for inpatient psychiatric evaluation.

The Commissioner obtained such an order on January 11, 2019, on the grounds that plaintiff had refused to work with the residential staff in his program and his care manager and that he had been arrested on a number of misdemeanors and violations, including turnstile jumping, menacing, public lewdness, indecent exposure, and harassment. The January 11, 2019 order allowed petitioner's detention for "care and treatment" for six months, at the end of which the court would hold a hearing to determine whether petitioner had a dangerous mental disorder. In the meantime, the criminal proceedings on the new charges have continued.

At that hearing, petitioner, through counsel, consented to his commitment to a non-secure psychiatric facility (as opposed to the secure facility to which he could have been remanded). A recommitment hearing was held on April 26, 2019, but that was adjourned to May 3, 2019 because petitioner had fired his attorneys and did not have a new one. Petitioner appeared with his new attorney on May 3rd and counsel consented to petitioner's continued confinement until May 24, 2016. This Court has not been advised of the outcome of that hearing. The public record discloses that the next hearing on the new criminal charges has been set for June 17, 2019.

## DISCUSSION

Petitioner asserts that the "main reason" for his January 11, 2019 Order of Commitment was that he was charged with possession of and menacing with a weapon (firearm), which was a

2

violation of his conditions of release.  Based on that, he asserts that "[i]t is unconstitutional to confine someone indefinitely based on non-existent charges."

Petitioner's assertion is wrong in multiple respects.  First, these are not non-existent charges.  He has been charged.  The public record reflects the charges.[2]  Bail of $3000 has been set and although petitioner is apparently not able to post it, there is nothing in the state court proceedings suggesting a violation of due process.  Petitioner apparently points to some distinction between the charges levied upon his arrest and those on which he was arraigned, but there is nothing in state court procedure that would prohibit restatement of the charges.

Second, petitioner has not been confined "indefinitely."  As to the violation of his conditions of release, the commitment order is for six months.  As to the pending criminal charges, he is being held over, as noted, for those crimes, with bail having been set.  Upcoming hearings are scheduled in both matters and there is not a hint that the state courts are neglecting his case in any way.

Third, petitioner has done nothing to exhaust his state court remedies.  He asserts that his "petition for a [federal] writ of habeas corpus is the only appeal available to an individual in my position," but that is legally incorrect.

It is the most fundamental aspect of habeas corpus review that a federal court cannot review claims of constitutional error arising from state criminal proceedings until the petitioner has fully exhausted his right of review in state court.  This requirement is set forth in 28 U.S.C. § 2254(d), which provides that a writ of habeas corpus "shall not be granted unless it appears

---

[2] See https://iapps.courts.state.ny.us/webcrim_attorney/Detail?which=charge&docketNumber=CwZJ/CMyr2iZrtXYFmIQyw==&countyId=MLoObCwRaAo7q7oAHSL3AQ==&docketId=kIp1/MryCuGojEVndwq9Vw==&docketDseq=o6PDyKIx4BvSfbvyCgDnHw==&defendantName=Davy,+Kevin&court=Queens+Criminal+Court&courtType=L&recordType=C&recordNum=p1vYMQl3Fm/yv6s2RDCOCQ== (last visited May 27, 2019).

that . . . the applicant has exhausted the remedies available in state court." "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney Gen. of State of N.Y., 696 F.2d 186, 191 (2d Cir. 1982). This includes obtaining resolution of a discretionary application for appellate review to the highest state court that can entertain such an application. See Baldwin v. Reese, 541 U.S. 27, 29 (2004).

Commitment orders are appealable to the Appellate Division with leave under N.Y. Criminal Procedure Law § 330.20(21)(a)(ii). Further, "New York law expressly provides detainees in mental health facilities the right to apply for a writ of habeas corpus in state courts pursuant to Mental Hygiene Law § 33.15." Martella v. Capinello, No. 05-CV-3008, 2007 WL 2219479, at *2 (E.D.N.Y. July 24, 2007) (dismissing federal habeas petition for failure to exhaust state court remedies when petitioner, who was in confinement based on his mental illness, failed to apply for a writ of habeas corpus in state court).

Petitioner does not provide an excuse as to why he failed to exercise his appellate or state habeas remedies, nor does he dispute that these remedies are available. Instead, he claims that another avenue of state court review under CPL § 330.20(16) was unavailable. Although CPL § 330.20(16) permits a person in custody "pursuant to a commitment order, a retention order, or a recommitment order," to "obtain a rehearing and review of the proceedings and of such order" within 30 days of the order, petitioner claims that this provision does not apply to him because he was confined under a "temporary" confinement order.

Petitioner's reading finds no support in the statute or in the order: he was confined under a recommitment order "pursuant to CPL 332.20." CPL 332.20(1)(f) defines a "commitment order" or "recommitment order" as "an order committing a defendant to the custody of the

commissioner of mental health for confinement in a secure facility for care and treatment for six months from the date of the order", which seems like the precise definition of the order petitioner is subject to here. Therefore, he could have sought review of the order within 30 days under CPL § 330.20(16). Further, he may appeal the order to the Appellate Division under CPL § 330.20(21) – but because he failed to seek review of the order within 30 days, he must seek permission to appeal from the Appellate Division, rather than appealing as a matter of right. Muhammad v. Griffin, No. 15-CV-6750, 2016 WL 1381835, at *2 (W.D.N.Y. April 6, 2016). There is also nothing stopping him from challenging that order through a petition for state habeas corpus relief. Because he has not done so, his claim is not exhausted and must be dismissed.

Separately, this Court is required to abstain from hearing this petition under Younger v. Harris. There are ongoing mental health and criminal proceedings which have not been resolved. A "recommitment proceeding ... under section 330.20(14) of the New York Criminal Procedure Law ("CPL"), falls within the ... category of cases in which federal-court abstention is required" under Younger. Justice v. Woodlock, No. 13-CV-252, 2015 WL 145643, at *2 (N.D.N.Y. Jan. 12, 2015). A Younger abstention is particularly appropriate here because not only is there is an ongoing state court proceeding, but also the state court is regularly conducting hearings on whether petitioner should continue to be committed.

## CONCLUSION

The petition is denied as unexhausted and subject to abstention under Younger and the case is dismissed. Since petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. See 28 U.S.C. § 2253(c)(2). The Court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not

5

be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal.  See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____<br>U.S.D.J.

Dated: Brooklyn, New York
      May 28, 2019